UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TYRELLE DEYON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 11-35-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Tyrelle Jones is an inmate at the United States Penitentiary-Big Sandy in Inez, Kentucky. After a jury convicted him of various narcotics offenses, the United States District Court for the Eastern District of Virginia sentenced Jones to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) because it determined that Jones had two or more prior felony drug convictions. Jones filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2241 in which he argues that he is "actually innocent" of violating § 841(b)(1)(A)'s mandatory life provision because he only has one prior felony drug conviction under his belt. Jones acknowledges that he was previously convicted on seven different *counts* of drug distribution in Virginia state court, but he argues that they should be counted as just one *conviction* because he was found guilty and sentenced on all seven counts on the same day.

This Court does not have jurisdiction to entertain Jones's petition. There are two kinds of habeas petitions available to federal prisoners—§ 2255 petitions and § 2241 petitions. Prisoners wishing to challenge "their convictions or imposition of their sentence" must file a § 2255 petition in the sentencing court, while prisoners wishing "to challenge the execution or

manner in which the[ir] sentence is served" must file a § 2241 petition in the court that has jurisdiction over their custodian. *Charles v. Chandler*, 180 F.3d 753, 756 (6th 1999). Jones argues that § 2241 is the proper vehicle for his habeas claim because his argument that he is actually innocent of § 841(b)(1)(A)'s mandatory life provision is merely a challenge to the manner in which the United States is executing his sentence, not a challenge to the validity of the sentence itself. *See* R. 2 at 4. That argument, although quite clever, is wrong. It is rather like saying the French Revolution was just a challenge to the manner in which King Louis XVI governed, rather than an attack on the validity of his rule itself. Perhaps putting it that way might have given the King some comfort on the day he was guillotined, but it is clearly euphemistic. Just as the revolutionaries were attacking the validity of the monarch, so too is Jones attacking the validity of his sentence. Section 2255 encompasses all claims that a prisoner's sentence "was imposed in violation of the Constitution or laws of the United States," was imposed by a "court [that] was without jurisdiction to impose such sentence," or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Jones's claim—that applying § 841(b)(1)(A)'s mandatory life sentence to him was invalid because he did not have two prior felony convictions—clearly falls under at least one of § 2255's umbrellas. *See, e.g.*, *Otto v. Williamson*, 140 F. App'x 437, 438 (3d Cir. 2005) (actual innocence claim "fall[s] within the purview of § 2255").

Because his claim is squarely within § 2255's ambit, this Court is barred from "entertain[ing]" Jones's petition "if it appears that [he] has failed to apply for relief, by motion, to the court which sentenced him, . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As Jones

freely admits, he never filed a § 2255 petition in the sentencing court. R. 2 at 2-3. Nor has he demonstrated how filing such a petition would be "inadequate or ineffective to test the legality of his detention." *Id*. The United States District Court for the Eastern District of Virginia is just as capable as this Court of assessing whether Jones has two prior felony drug convictions. Indeed, that court is probably better positioned to do so because it adjudicated Jones's case in the first instance and is more familiar with the facts. Therefore, by the clear terms of § 2255, this Court is precluded from entertaining Jones's habeas petition.

Likely foreseeing this result, Jones filed a motion asking the Court to transfer his petition to his sentencing court in the event that it determines that he should have brought his claim under § 2255. R. 3. This Court has the authority to order such a transfer "if it is in the interest of justice." 28 U.S.C. § 1631. Accordingly, the Court will grant Jones's request and transfer his habeas petition to the United States District Court for the Eastern District of Virginia.

For these reasons, it is **ORDERED** as follows:

(1) Jones's petition for a writ of habeas corpus, R. 2, is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

(2) This case is **STRICKEN** from the Court's active docket.

This the 7th day of April, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge